## COFFEEN v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

### No. 423.

PRIVATE SWITCH—INJUNCTION—PARTIES.

One acting under authority of an ordinance of the city council cannot be restrained, at the suit of the owner of abutting property, from constructing in a public street a private switch, subject to municipal control, and connecting with the line of a public carrier, as the validity of the ordinance granting the right can only be assailed by an officer acting in the name of the people of the state, or by a bill for injunction brought by the city. Doane v. Railroad Co., 46 N. E. 520, 165 Ill. 510, followed.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This appeal is from an order denying a motion to dissolve an interlocutory injunction whereby the appellant, M. D. Coffeen, was restrained "from laying down, constructing, or attempting to lay down or construct a railroad switch track in North Jefferson street or Wyman street, in the city of Chicago, under and by virtue of an ordinance heretofore granted, or alleged to have been granted, by the city council of the city of Chicago to the said defendant, M. D. Coffeen, and from laying or constructing any railroad track or tracks on either of said streets with or without such assumed or alleged authority," etc. The ordinance mentioned was passed on February 3, 1896, and in the first section provides "that permission and authority is hereby granted to M. D. Coffeen or his assigns to construct, maintain, and operate a private single railroad switch for a period of ten years from and connecting with the tracks of the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company at a point east of Jefferson street near its intersection with the Milwaukee avenue viaduct; thence on a gradual curve in a southwesterly direction across Jefferson and Wyman streets, and west on and along the south side of Wyman street to Desplaines." The grant is followed by provisos that Coffeen shall enter into bond to save the city harmless from damage caused by the passage of the ordinance; that the privileges granted shall be subject in all respects to the ordinances in force or that may be passed concerning railroads; and that the switch shall be constructed and maintained under the direction and supervision of the department of public works. The bill which was brought by the Chicago, Milwaukee & St. Paul Railway Company shows that the construction and use of the proposed switch will cause special injury to that company, as owner of more than half of the abutting property, and that no petition, oral or written, was ever made or presented to the city council for the passage of the ordinance. The motion for a temporary injunction, both parties being present, was submitted and determined upon the averments of the bill alone. Thereafter the appellant filed a sworn answer, and later an amended answer, also verified, showing, among other things, that the so-called "Wyman Street" is, and always has been, simply an alley without sidewalks; that after executing the bond required by the ordinance, and receiving from the commissioner of public works a permit to construct the switch, the appellant contracted for the construction and operation of the switch by the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, with whose road the switch was to be connected and operated; and that the switch was constructed by that company prior to February 24, 1896; but that, during the night of that day, the complainant, after having assured the defendant that his track would not be

disturbed, intending and designing to injure him, and to destroy the rental value of his property, as he had been informed and believed, fraudulently and unlawfully caused the switch to be torn up and destroyed, and procured the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company then and there to break the connection between the switch and that company's track, under a threat to discontinue business connections between the two roads; and that thereupon, and by the procurement of the complainant, the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, without the knowledge or consent of the respondent, did tear up and destroy the switch track and its connections, to the great and irreparable damage of the respondent. The motion to dissolve the injunction, submitted, apparently, upon the bill and answer, without further showing on either side, was denied. The court, in its opinion (not reported), declined to express either concurrence in or dissent from the decision in the case of Doane v. Railroad Co., 165 Ill. 510, 46 N. E. 520, then pending in the supreme court of the state on a petition for a rehearing, and, distinguishing this case as involving the use of the street only for a private purpose, which, like the location of a circus or a trading booth, is wholly outside of the city's governmental function, concluded as follows: "The ordinance in question is for a private switch. It is contended that this switch will be used in connection with the P., C., C. & St. L. Ry. Co., but the ordinance is for a private switch. There is no evidence that it has fallen within the control of this railroad or any other railroad company, or that it will be devoted to the public uses such railroad companies subserve. When some railroad company authorized by law as such has accepted this as one of its switches, and thus makes itself responsible for its operation for a public use as well as for damages, it will be in order to dissolve this injunction. As long as the switch remains a private switch, however, the injunction will stand."

Clarence A. Darrow, for appellant.

Burton Hanson, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

We are of opinion that the motion to dissolve the temporary injunction should have been sustained. The privilege granted by the ordinance to the appellant was to construct and maintain for ten years, between the points and on the streets named, a switch "connecting with the tracks of the Pittsburgh, Cincinnati & St. Louis Railroad Company"; and it is not alleged nor shown that the appellant had any purpose to lay down a track without that connection. By the contract alleged that company undertook to construct and to operate the switch, and did construct it, but in violation of its contract and obligation, at the instance of the complainant, severed the connection and destroyed the track. Having procured this to be done, the complainant forthwith brought its bill to prevent reconstruction. The conduct of the complainant, as disclosed in the answer, and not denied, if not in itself a bar, we cannot but regard as a serious obstacle to the granting of the relief prayed in the bill. When an appeal is to be made to a court of equity, it is hardly permissible that there shall first be a resort to force and arms, or to deceit, in order to anticipate the fruits of the suit, or to secure a more favorable position from which to conduct the litigation. To say the least, a complainant appearing in such an attitude should not be allowed the benefit of presumptions in its favor in respect to matters not alleged or proved. Without procuring the necessary connection with the Pitts-

burgh, Cincinnati, Chicago & St. Louis track, the appellant, besides being without authority, can have no motive to relay the switch; and it is not to be presumed that the railroad company, especially in view of its contract, will refuse to permit the connection to be made. If the ordinance permitting the switch to be laid is valid, or can be challenged only in the name of the city or by the public prosecutor, it is not right that the appellant should be enjoined, on the theory that only private aims were to be subserved, from relaying the switch, re-establishing its connection with the railroad track, and securing its operation by the railroad company under the agreement already made for that purpose. He ought not to be forbidden to take the steps necessary to establish the situation on which it was suggested that it would be in order to dissolve the injunction.

The merits of the appeal, it follows, must depend upon the question whether this case comes within the doctrine declared in Doane v. Railroad Company. We think that it does. It is true that the switch is described as private, but it was at the same time provided that the privileges granted were to be subject to all ordinances concerning railroads, and when connected, as it must be, with the track of a railroad, it will necessarily become a part thereof. It is common knowledge that in a city like Chicago such structures must be numerous. They are indispensable auxiliaries to the conduct of railroad traffic, and to the convenient doing of the business of a commercial city. They are therefore a proper subject of municipal regulation and control, and, that being so, it follows that the validity of the ordinance can be questioned, on the ground alleged, only by information brought by the attorney general or other officer acting in the name of the people of the state, or by a bill for injunction brought by the city, and that the construction and use of the switch cannot be restrained at the suit of an owner of abutting property. See, also, Trusdale v. Sugar Co., 101 Ill. 561. The appeal is therefore sustained, and the cause remanded, with direction to sustain the motion to dissolve the injunction.