CITY OF CHICAGO v. BAKER.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1900.)

No. 629.

1. TRIAL—VIEW OF PREMISES BY JURY.
   It is within the discretion of the court to refuse to permit representatives of the parties to accompany the jury on their view of premises to which the action relates, although it is the better practice to grant such permission.

2. MUNICIPAL CORPORATIONS—INJURY TO PROPERTY BY VACATION OF STREET—MEASURE OF DAMAGES.
   While the interruption of public travel along a street by the vacation of a portion of it is a common injury, for which an individual cannot recover, the owner of property fronting on the street may recover damages for the special inconvenience in the use and enjoyment of his property, caused by his being deprived of the previous means of access thereto, the amount of such damages to be determined by the jury from a consideration of the situation, character, and probable uses of the property.

3. SAME—ACTION FOR DAMAGES—EVIDENCE.
   In an action against a city by a property owner to recover damages because of the vacation of a street on which such property fronted at a point near by where it was crossed by railroad tracks, to permit the elevation of the tracks, evidence introduced by the city in reduction of damages, by showing that by reason of the elevation of the tracks subways had been made on adjacent streets, which gave better and safer means of access to plaintiff's property than was afforded by the grade crossing previously maintained on the street which was closed, does not render admissible in rebuttal evidence of additional injury to the property from smoke and cinders by reason of the elevation of the tracks, which is an injury for which defendant is not liable.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Thomas J. Sutherland, for plaintiff in error.

Morris St. P. Thomas, for defendant in error.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

WOODS, Circuit Judge. For the opinion delivered in this case when first here, see City of Chicago v. Baker, 58 U. S. App. 569, 30 C. C. A. 364, 86 Fed. 753. Some of the questions then decided are again brought forward, but, of course, are not open to reconsideration. Other questions, however, are presented. After the remand of the case, an amended declaration was filed, to which the city alone was made defendant, and by which damage was claimed only

for the vacation of 21st street within the limits of the right of way of the Chicago, Rock Island & Pacific Railway Company and the Lake Shore & Michigan Southern Railroad Company. At the commencement of the trial, at the instance of the plaintiff in error, the jury was sent, in charge of a bailiff, to view the premises; and it is assigned for error that the court refused to direct a view of the entire work of the elevation of the tracks of the railroads named from 17th street to 63d street, that the court unduly restricted the opening statement which should be made by counsel for the plaintiff in error before the jury's view of the premises was had, and that the court refused permission to counsel or other representative of the plaintiff in error to be present with the jury at the time of the view. These were matters of discretion, and, while we incline to think it the better practice that a representative of either party, if the privilege be asked, should be allowed to be present and witness the action and conduct of the jury in taking a view of premises, we are satisfied that in this instance no harm resulted from the refusal. The situation was so simple that a diagramatic representation would have been enough, without sending the jury out. The scope of the examination ordered, including, as it did, 21st street from the lake to the river, and other neighboring streets and the subways near the vacated portion, was certainly sufficient. To have required more would have been needless, and possibly misleading.

The important questions in the case concern the elements of injury which the jury were permitted to consider. In the amended declaration it is averred that prior to the alleged vacation a crossing of the streets and railroad tracks at grade had been maintained, so that pedestrians and vehicles and the public generally were able to cross at that point; that by reason of the premises large numbers of persons passed the land of the plaintiff, which in that way was accessible and in close proximity to the portion of the city west of the crossing; that upon the vacation of the street the railroad companies, with the consent of the city, built, and ever since have maintained, upon and across the entire portion of the street within their right of way, a structure of earth and stone of the height of ten feet, and have laid thereon their railroad tracks; and that by reason of the vacation of that portion of the street, and the construction and maintenance of the railway embankment, "the public, and all persons and vehicles, were and are absolutely excluded and prevented from using said street for the purpose of crossing said right of way, and the direct and easy access from and to the land of the plaintiff as aforesaid, to and from the portion of the city lying west of said right of way, was destroyed, and said land was and is thereby rendered difficult of access from the west, such access being now inconvenient and circuitous, thereby depreciating the value of said land, to the damage of the plaintiff $20,000." It is now contended that the injury so averred is limited to the interruption of travel upon the street, that no proof was made or evidence offered of injury of any other kind, and that the court, therefore, erred in refusing to direct a verdict of not guilty.

In our former opinion, the rule was recognized that the cutting off of travel along a street is "a common injury, for which individual relief is not allowed"; and it follows that the allegation in the declaration that the travel on the street by the premises of the plaintiff was diminished, or wholly interrupted, and the evidence to that effect, if admissible for any purpose, were unavailing as a cause of action or for the enhancement of damages; but it remains clear, both by the averments of the declaration and by the proofs, that the street was vacated, making on the north of the plaintiff's premises a mere cul-de-sac, and cutting off, as stated in that opinion, "egress and ingress which had existed to and from the west,   *   *   *   leaving no immediate communication with the next cross street in that direction." "In that respect, at least," it was then said, and so became the law of the case, "he suffered a special inconvenience in the use and enjoyment of his property, for which he should receive compensation." That seems to us to be in accordance with the decision in City of Chicago v. Burcky, 158 Ill. 103, 42 N. E. 178, 29 L. R. A. 568, which is a case not essentially different from this. See, also, Hohmann v. City of Chicago, 140 Ill. 226, 29 N. E. 671. It is to be observed, however, that the ingress and egress, the deprivation of which we declared special and actionable, pertained, not to the public who might pass upon the street if it had not been closed, but to the owner or occupants of the premises. The damage attributable to such deprivation ordinarily can be estimated by no certain rule, but in each instance must be determined by the jury on consideration of the situation, character, and probable uses of the property affected. There was therefore no error in the refusal of the court to direct a verdict.

In rebuttal, evidence was offered and admitted, over objection and exception, to the effect that, after and by reason of the elevation of the railroad tracks, smoke, cinders, and dust in increased quantities were blown upon the plaintiff's property. It is conceded that this evidence was not admissible primarily against the city, but, testimony having been offered in the city's behalf for the purpose of showing benefits to the property by reason of the elevation of the railroad tracks, the abolishment of grade crossings, and the establishment of subways under the railroads at Archer avenue on the north, and at 22d and other streets to the south, it is urged that it became competent to show the disadvantages resulting from the elevation of the tracks in abatement of the supposed benefits. The fallacy of this position is evident. The plaintiff sought, and was entitled to claim, damages only for the vacation and closing of the street. The railroads, owning their right of way, were privileged, doubtless, to elevate their tracks, without liability for the consequences to adjacent lands. In no event, certainly, could the city be responsible for such consequences. Within the rule stated, the city was liable to the plaintiff for the injury caused by the closing of the street, but, the vacation having been ordered in connection with the elevation of the railroad tracks and the establishment of subways near by, which could be used in going to and from the plaintiff's premises without incurring the dangers of the grade crossing, it was proper that the jury, in de-

termining the amount of damages, should consider these facts, since they had a direct and necessary bearing upon the question to be determined. The plaintiff was deprived of ingress and egress in one direction, but at the same time was furnished with better and safer ways of coming and going by circuitous routes, and the question was, what was the net injury? The original evidence of the plaintiff and that adduced by the plaintiff in error bore directly upon the point, both having relation to the means of ingress and egress; but the evidence in rebuttal, to which objection was made, has no bearing upon that point. It is true that witnesses for the city spoke of the advantages resulting from the elevation of tracks and the establishment of subways, but it is clear that the fact of elevation was a mere incident, not deemed to be in itself beneficial, except as it made subways possible. If benefit to the plaintiff had been asserted merely on account of the embankment, as, for instance, that it afforded a desirable protection to the premises of plaintiff, it might have been proper in rebuttal to show any disadvantage resulting from the same cause, but on the case as presented the evidence excepted to was incompetent. The judgment below is reversed, with direction to grant a new trial.