GENERAL ELECTRIC RY. CO. v. CHICAGO, I. & L. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1900.)

No. 567.

STREET RAILROADS—RIGHTS OF ABUTTING PROPERTY OWNERS—JURISDICTION OF EQUITY TO GRANT INJUNCTION.

An abutting property owner, who would suffer a special and irreparable injury from the construction and operation of a street railroad upon the street under an ordinance alleged to be invalid, may invoke equitable relief by injunction. The rule declared by the supreme court of Illinois that a court of equity will not enjoin the construction of a railroad upon a street at the suit of a private property owner, upon an allegation that the ordinance authorizing its construction is illegal, is placed upon the ground that for any injury to the plaintiff's property he has an adequate remedy at law, and cannot be applied to a case where irreparable injury is shown, which would be to deny to the complainant any adequate remedy.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This appeal is from an interlocutory order, forbidding the appellant, the General Electric Railway Company, to enter upon 14th street at Dearborn street, and upon Custom House Place (Fourth street) between 14th street and Polk street, in Chicago, for the purpose of constructing thereon a street railway. The order was sought and granted on the ground that the presence and operation of the proposed railway would so interfere with access to the freight house and track yard of the appellee, abutting on the west line of Custom House Place between Polk and 14th streets, and with the use of its tracks therefrom to 14th street, that it would cause to the appellee special injury, for which an adequate remedy at law could not be had; and that the ordinance by virtue of which the appellant was asserting the right to construct the proposed railway was void because passed without the requisite petition of the owners of

one-half of the abutting properties. The order was granted, after argument by counsel, upon a consideration of the bill and affidavits in support of its averments. The bill is long, and a statement of its contents is not necessary to an understanding of the case. The scope of the discussion, which has been elaborate, is shown by the positions asserted and authorities cited in the briefs.

For the appellant the following:

(1) The facts well pleaded in the bill do not authorize equitable relief by injunction. Doane v. Railroad Co., 165 Ill. 510, 46 N. E. 520, 36 L. R. A. 97.

(2) The use of a public street in the city of Chicago for the purpose of furnishing additional facilities for travel or transportation by a street-railway company will not be enjoined at the suit of an abutting owner.

(a) The remedy for the unlawful use of a public street in the city of Chicago is by information in chancery by the attorney general, or by bill in chancery by the city. Moses v. Railway Co., 21 Ill. 516; Railway Co. v. Schertz, 84 Ill. 135; Corcoran v. Railroad Co., 149 Ill. 291, 37 N. E. 68; Doane v. Railway Co., 165 Ill. 510, 46 N. E. 520, 36 L. R. A. 97; Bond v. Pennsylvania Co., 171 Ill. 508, 49 N. E. 545; Blodgett v. Railway Co., 26 C. C. A. 21, 80 Fed. 601; Coffeen v. Railway Co., 28 C. C. A. 274, 84 Fed. 46; Henry Gauss & Sons Mfg. Co. v. St. Louis, K. & N. W. Ry. Co. (Mo. Sup.) 20 S. W. 658, 18 L. R. A. 339; Hobart v. Railroad Co., 27 Wis. 194.

In addition to these points it was urged in argument that, confessing in the bill the existence of an ordinance, the complainant is not in a position to question its validity, or deny the jurisdiction of the common council to pass it. Commissioners v. Aspinwall, 21 How. 539, 16 L. Ed. 208; Bissell v. City of Jeffersonville, 24 How. 287, 16 L. Ed. 664; Rubber Co. v. Goodyear, 9 Wall. 788, 19 L. Ed. 566; Mowry v. Whitney, 14 Wall. 434, 20 L. Ed. 858; U. S. v. American Bell Tel. Co., 128 U. S. 315, 9 Sup. Ct. 90, 32 L. Ed. 450; U. S. v. San Jacinto Tin Co., 125 U. S. 273, 8 Sup. Ct. 850, 31 L. Ed. 747; In re Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092; and City of Chicago v. Ramsey, 87 Ill. 348.

From the brief for the appellee the following:

(1) Cases brought by abutting owners for injuries to their abutting property, caused by intrusion of street cars and tracks upon streets, are divided into two classes: First. Cases wherein the abutting owner, as plaintiff, complains of an injury suffered in common with other abutting owners or with the public. In this class of cases the complaining abutting owner has adequate relief at law, and to this class the cases cited by counsel, and their argument, exclusively apply. Second. Cases in which the abutting owner is shown to suffer a special injury to his property or its use not common to other abutting owners or to the public. When it appears that plaintiff will suffer a special and irreparable injury, equity never refuses to furnish the remedy here granted by the court below. This distinction between these two classes of cases is clearly defined in Doane v. Railroad Co., 165 Ill. 510, 46 N. E. 520, 36 L. R. A. 97. In Chicago & W. I. R. Co. v. General Electric Ry. Co., 79 Ill. App. 569, the distinction was recognized, and relief by injunction granted. The same distinction in Cincinnati & S. G. A. St. Ry. Co. v. Village of Cummingsville, 14 Ohio St. 523; Field v. Barling, 149 Ill. 556, 37 N. E. 850, 24 L. R. A. 406; People v. General Electric Ry. Co., 172 Ill. 129, 50 N. E. 158; Cicero Lumber Co. v. Town of Cicero, 176 Ill. 9, 51 N. E. 758, 42 L. R. A. 696; Central City H. Ry. Co. v. Ft. Clark H. Ry. Co., 81 Ill. 523; Li Gare v. City of Chicago, 139 Ill. 46, 28 N. E. 934; Frizell v. Rogers, 82 Ill. 109; Rigney v. City of Chicago, 102 Ill. 72; Ninth Ave. R. Co. v. New York El. R. Co., 7 Daly, 174; Bridge Co. v. Summers, 13 W. Va. 476; Dubach v. Railway Co., 89 Mo. 483, 1 S. W. 86; McElroy v. Kansas City (C. C.) 21 Fed 257; Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401.

(2) If the injury amounts to a destruction of the total or substantial use of the property, it is equivalent to an actual taking, and the question is one of compensation, and not consequential damages, and in such case equitable jurisdiction may be invoked for injunction. Pumpelly v. Green Bay Co., 13 Wall. 166, 20 L. Ed. 557; Dodson v. City of Cincinnati, 34 Ohio St. 276; Cooley, Const. Lim. 677; Railway Co. v. Mills, 85 Mich. 624, 48 N. W. 1007.

(3) A city, by valid ordinance, could not thus destroy the use of Custom House Place for access by the shipping and teaming public to the freight house

of a common carrier. Li Gare v. City of Chicago, 139 Ill. 46, 28 N. E. 934; Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401; Newell v. Sass, 142 Ill. 104, 31 N. E. 176.

(4) The compromise contract ordinance of 1883, and its acceptance by the Western Indiana Company, vested in it absolute property rights in the streets, which cannot be devested by the city, or by appellant as its alleged subsequent grantee. By the acceptance of this compromise ordinance by the Western Indiana, and its compliance with the terms therein recited, it became a contract between the parties, which cannot be changed, impaired, or abrogated by any subsequent ordinance without the consent of the Western Indiana. Carter v. City of Chicago, 57 Ill. 283; Const. Ill. art. 2, § 13; Const. U. S. Amend. art. 5; Chicago & W. I. R. Co. v. General Electric Ry. Co., supra; Cicero Lumber Co. v. Town of Cicero, supra. The validity of this contract ordinance has been adjudged by the supreme court of Illinois. Chicago & W. I. R. Co. v. Dunbar, 100 Ill. 122; Same v. Illinois Cent. R. Co., 113 Ill. 156; City of Chicago v. Chicago & W. I. R. Co., 105 Ill. 73.

(5) An ordinance attempting to give the right of a street for a street railroad without the consent of the majority of street frontage is wholly void. Hunt v. Railway Co., 121 Ill. 638, 13 N. E. 176; Chicago & W. I. R. Co. v. General Electric Ry. Co., 79 Ill. App. 569. If a street-car track is laid in the street without such consent, it is a public nuisance. McCartney v. Railway Co., 112 Ill. 611; North Chicago City Ry. Co. v. Town of Lake View, 105 Ill. 207; Metropolitan City Ry. Co. v. City of Chicago, 96 Ill. 620; Railway Co. v. Loeb, 118 Ill. 216, 8 N. E. 460. The threatened construction of such a nuisance may be enjoined at the suit of an abutting owner, if such construction and continuance of the nuisance would inflict substantial and material injury to his property or its use. Rainey v. Herbert, 5 C. C. A. 183, 55 Fed. 443; Kavanaugh v. Railway Co., 78 Ga. 803, 4 S. E. 113; City of East St. Louis v. O'Flynn, 119 Ill. 200, 10 N. E. 395; Smith v. McDowell, 148 Ill. 68, 35 N. E. 141; Cicero Lumber Co. v. Town of Cicero, supra; Chicago & W. I. R. Co. v. General Electric Ry. Co., supra.

(6) An alleged ordinance may be attacked for want of power or jurisdiction in the city council to pass, in any proceeding where it is offered to justify a trespass. Hurd's Rev. St. Ill. 1898, c. 24, par. 90; Hunt v. Railway Co., 121 Ill. 638, 13 N. E. 540; Roberts v. Easton, 19 Ohio St. 78; Hayes v. Jones, 27 Ohio St. 219; Mulligan v. Smith, 59 Cal. 206; Ogden City v. Armstrong, 168 U. S. 224, 18 Sup. Ct. 98, 42 L. Ed. 444; Ziegler v. Hopkins, 117 U. S. 687, 6 Sup. Ct. 919, 29 L. Ed. 1019; Page v. Mayor, etc., 34 Md. 558; Mayor, etc., v. Radecke, 49 Md. 217; Town of Covington v. Nelson, 35 Ind. 532; Phil. Ev. (1st Ed., Cowen & H. Notes) 801; New Orleans Waterworks Co. v. City of New Orleans, 164 U. S. 481, 17 Sup. Ct. 161, 41 L. Ed. 518; Metropolitan City Ry. Co. v. City of Chicago, 96 Ill. 620; Damp v. Town of Dane, 29 Wis. 419; Dows v. City of Chicago, 11 Wall. 108, 20 L. Ed. 65; Sharpe v. Speir, 4 Hill, 76; Bonaparte v. Railway Co., 1 Baldw. 205, Fed. Cas. No. 1,617; Erwin v. Fulk, 94 Ind. 235.

Thomas A. Moran, for appellant.

E. C. Field and G. W. Kretzinger, for appellee.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge, after stating the facts as above.

In the Doane Case there was no question of irreparable injury. After a review of earlier cases it was there said:

"The principle is that, the abutting property owner having a complete remedy at law, a court of equity will not, upon his allegation that the ordinance authorizing the construction is illegal, enjoin the defendant from proceeding until the question of illegality can be litigated and determined, but will remit him to his action at law."

This does not say, and manifestly does not imply, that there may not be cases in which the remedy at law would be inadequate. That must always be a question of fact, which it is inconceivable that the

court would undertake to determine once for all, as if it were matter of law; and that the court had no such intention is demonstrated by the quotations made from the opinions in Osborne v. Railroad Co., 147 U. S. 253, 13 Sup. Ct. 299, 37 L. Ed. 155, and Railroad Co. v. Prudden, 20 N. J. Eq. 530, where the right to equitable relief in such cases if the remedy at law be in fact inadequate is distinctly recognized. Such is unquestionably the well-established doctrine, and no decision, not explicit in its terms, should be made by construction or interpretation to declare the contrary. Only when the remedy at law is clearly adequate can it be justly said, as in the Doane Case it was said of the rule there declared, "And this, it seems to us, is a just and reasonable rule, the enforcement of which will protect the rights of all parties interested." In the same context it was added: "While, therefore, the private owner is entitled to have all his property rights fully protected, that right should be accorded him, if possible, by a remedy which will not unnecessarily injure others, and render impossible the construction and operation of necessary facilities for public travel." The plain implication from this is that, if full protection of all property rights is not possible in an action at law, the remedy may be sought in equity, though at the expense of delay or defeat of a project prosecuted under a pretense of authority not in fact possessed. In none of the earlier cases referred to in the Doane opinion was there a showing, though in one case, perhaps, there was an allegation, of irreparable injury. In the Patterson Case, 75 Ill. 588, to which special importance was given, the damage, alleged to be one-half the value of the property, was, of course, recoverable at law, and in that respect the bill was declared demurrable according to the decision at the same term in the Stetson Case, Id. 74. The further ground of complaint that the railway company had not been granted power by the common council to cross the street upon which the lot and house of the complainant fronted was treated separately, and in respect thereto it was deemed "sufficient to say that the fee of the streets is in the city, and it has power to control and regulate their use, and any such excess of authority in the use of a street as is here claimed must be left to be redressed by the public authority; and equity should not, in such a case, at the suit of a private individual, enjoin the operating of a railroad." It was with reference to this expression that it was said in the Doane Case: "If, as contended, the abutting owner can also maintain a bill on the same ground,— that is, the building of the road is without the valid consent of the city,—then the language of the Patterson Case [quoting it] must be overruled, and the authorities above cited as to the remedy by the attorney general or city qualified." This, it is clear, has no application when the ground of the action is irreparable injury, and the averment of an invalid ordinance is made—as in equity pleading it must be—for the purpose of anticipating and avoiding a defense or justification under the ordinance.

But it is said that in Coffeen v. Railway Co., 53 U. S. App. 673, 28 C. C. A. 274, 84 Fed. 46, this court has declared the doctrine of the Doane Case applicable to a state of facts essentially the same as that now presented. The resemblance between that case and this is only superficial, and there was no real ground for the suggestion made be-

low of an apparently "contradictory state of the law in this circuit." The bill in the Coffeen Case, after alleging the facts, charged an irreparable injury, but in the statement of the case it was treated as showing "that the construction and use of the proposed switch will cause special injury," and the facts disclosed did show a case of special, and therefore actionable, injury, but not of a character which could not be determined and compensated in an action at law. The proposed switch was to be located, not in the middle of the street, but on the opposite side from the premises of the complainant. It was called a private switch, and was to be used only for the purposes of a single establishment, and those purposes there was, no reason to believe might not be accomplished at such hours and in such a manner as to cause little interference with the customary uses of the premises of the complainant. The dispute in the case was not in respect to the character or amount of the damages, further than to show an actionable injury, but whether, the switch being for private uses, the city, under any circumstances, could authorize it to be laid in the street. The holding was that it was so far of a public character as to be "a proper subject of municipal regulation," and the case therefore within the doctrine of the Doane Case, and the validity of the ordinance questionable "on the ground alleged [want of a petition by abutting owners] only by information brought by the attorney general or other officer acting in the name of the people of the state, or by a bill for injunction brought by the city." While it is added "that the construction and use of the switch cannot be restrained at the suit of an owner of abutting property," that is to be understood as qualified by the preceding words in the same sentence, "on the ground alleged," and has no bearing upon the right to equitable relief in favor of one who is threatened with an irreparable mischief. Any suggestion that one so threatened may seek aid through the attorney general, besides being in itself impracticable, is foreclosed by the decision of the supreme court of the state that a suit prosecuted by the attorney general for private or individual benefit should be dismissed on that ground. People v. General Electric Ry. Co., 172 Ill. 129, 50 N. E. 158. If, therefore, the resort of the individual to equity for relief against an irreparable wrong is forbidden in such cases, then there is no remedy whatever beyond what may be recovered in an action at law,—confessedly inadequate in any event, and in supposable cases of insolvent or otherwise irresponsible defendants totally unavailing.

The contention that the ordinance partakes of the nature of an adjudication, and therefore its validity cannot be denied in such a suit, is only another way of asserting the inadmissible proposition that the injured party shall have no means of relief. The citations in favor of the proposition do not support it, and the precedents to the contrary, as well as the necessity for just and convenient, not to say possible, modes of procedure, warrant its rejection. It is true that the injury here complained of is consequential, but that, instead of being also remote and therefore not actionable, it is so far immediate, direct, and special as to be the subject of relief, either at law or in equity, according to the circumstances, is clear (Rigney v. City of Chicago, 102 Ill. 72; City of Chicago v. Baker, 58 U. S. App. 569, 30 C. C. A. 364, 86 Fed. 753; Id. [this term] 98 Fed. 830); and that, under

the circumstances shown, relief at law would be inappropriate and inadequate is sufficiently clear, and is not understood to be disputed. Leaving the questions involved open for further consideration at the final hearing, the order below is affirmed.