Plaintiff’s property was leased in two parts. The first part was an abandoned bowling alley, and was remodeled between March and May of 1904, with a window placed in the rear wall, and without any other exit upon said alley. Shortly thereafter plaintiffs began the erection of a building on the other part of their tract. During the erection of this building defendant filed a petition with the city council to vacate said alley. While said petition was so pending plaintiff placed in the rear wall of the new building a door and two windows facing towards that alley, and this was the first attempted use of the alley by the plaintiff as a means of access to said alley from plaintiff’s manufacturing site. Without notice to the plaintiff, but with actual knowledge, and without appearance or consent or protest on the part of the plaintiff, the defendant company had its petition for vacating the alley allowed and signed by the city May 16, 1904. The proceedings are admitted to be regular and formal. On July 5, 1904, the defendant company purchased from the heirs of the original dedicators and grantors to the city the title to the strip of ground covered by that part of the alley which was located between the plaintiff’s and defendant’s premises, and the defendant company has begun the erection of a wall across the alley, against the rear of plaintiff’s building, and proposes to utilize for its own purposes the entire part of the alley upon which plaintiff’s build *295 ing abuts, and is blockading the west end of the alley, claiming title, to the exclusion of any right or easement thereto’ on the part of the plaintiff. Such wall was .completed after plaintiff had given to' defendant notice that it would apply for an injunction and temporary restraining order against the erection of said wall, and before the petition was actually filed.
The defendant company, through its counsel, contends that the plaintiff company is estopped from claiming any rights, because it had notice of the proceedings in council to vacate the alley; that it should have brought its suit in injunction while such proceedings were pending, forcing the defendant to apply to a court for vacation, and in which proceeding its full damage, if any it had, could have been assessed; that plaintiff waived payment for loss of any easement it might have had in failing to prevent the vacation by council; that it is in any event only damaged in money, and that it has no right to an injunction, because of the sufficiency of the outlet in the front pf plaintiff’s property, and that it is not seriously inconvenienced by the closing of the alley. Defendant further claims that the plaintiff is guilty of laches in allowing its easement to be lost, and in standing by and permitting defendant to expend money in publishing the notice of the pendency and prayer of the petition to vacate and in the purchase of the strip of ground; and also should be estopped because of its silence when it should have spoken. Defendant also claims that it has leases on the two sides on the west end of the vacated alley, which gives it a perfect- right to close the alley at that point; and that, inasmuch as the east end is a cul-de-sac, if closed at the west end it would make the intervening space a place of nuisance, which could neither be drained nor cleaned.
Plaintiff’s counsel argued that the proceedings before council were not conclusive upon abutting owners who are not compensated, as the law gives no right of appeal and particularly reserves the rights of those who do. not consent; that the plaintiff was not compelled to appear before council, and that it had the right to rely upon the preservation of its interests so being preserved; that the plaintiff is not injured by the act of vacating the alley and does not complain regarding it. Plaintiff objects to the defendant’s acts in interfering with plaintiff’s *296 rights to the use of the alley; that the plaintiff could not enjoin council from doing what it had a perfect right to do, and that defendant selected this more arbitrary course instead of the one in the court of common pleas, in which plaintiff could have received damages. Plaintiff also insists that it was guilty of no laches, because it had warned the defendant before the wall was erected that an injunction would be applied for,-and that defendant notwithstanding such warning proceeded to erect said wall'and to blockade the alley on the west end. Plaintiff’s counsel also insists that having the right to access over said alley, and it being vacated without plaintiff’s consent, no subsequent purchase by the defendant could restrict plaintiff’s established easement. It is argued that, inasmuch as the original dedicators conveyed the alley by deed to the municipality, its successors and assigns forever, this proposed vacation, if it divested anything, it divested its use as an alley, and that such original dedicators could not transfer the title to the defendant because it remained in the municipality.
“No particular words or form of conveyance is necessary to render the act of dedicating land to public uses effectual. Anything- which fully demonstrates the intention of the donor or the acceptance by the public works the effect.” LeClercq v. Gallipolis, 7 Ohio, pt. 1, p. 218.
It would not, in my judgment, be necessary for the dedication or deed to express the object of the use to be public as contra-distinguished from that of private usage. There would be no need of dedicating a private alley. The city could not accept it under such terms, for it could not improve private property. The dedication on the plat as “Kirby alley,” and the acceptance of Kirby alley by the city, as well as the expression in the deed that the strip was to be used as an alley and should be known as “Kirby alley” clearly indicates that it was to be used for the benefit of the public. See Elliott on Roads, Section 24.
Inasmuch as a municipality has the right in its governmental capacity to lay out streets, alleys and sewers, it could have condemned this strip and paid to the Kirby estate its value, and it would then have.become a public highway irrespective of the *297 wishes of the adjoining; owners. If, therefore, the condemned way abutted on plaintiff’s property its property could have been assessed for any improvement made by the municipality upon such public way. Its protest because of a failure- or refusal to use it would have availed nothing. If, on the other hand, the Kirby estate saw fit to dedicate this alley to public uses, and was compelled by the city to make the alley abut on plaintiff’s premises, no other result would follow. Stevens v. Shannon, 6 C. C., 142.
An abutter is one whose property abuts, or is contiguous or adjoins at a border or boundary, as where no other land, road or street intervenes (Bouvier’s Law Dictionary). So it follows as a natural sequence that if an abutter can be assessed for abutting improvements he is entitled to special and peculiar rights in such adjoining alley not common to the people at large, which amounts in law to an easement or right of access (Lewis on Eminent Domain, Section 91e, f); Jones on Easement, Section 548; Branahan v. Hotel Co., 39 O. S., 333); and as has been cited by counsel, in Bingham v. Doane, 9 Ohio, 165, while his remedy under common law pleadings might be different, his right to the use of a public street exists although his title extends only to the edge of the street and not to its center.
Conceding to the plaintiff its right to an easement in the alley, the question of whether or not it availed itself of the privilege of this easement by a user could affect only its abandonment, adverse possession, and the like. If this right existed eleven years ago it exists to-day, notwithstanding non-user. Has plaintiff by its recent acts waived or lost its rights by laches, in failing to object or protest before council, or by subsequently permitting defendant to make expenditures?
Section 1536-147 (old number 2654), authorizing the vacation of alleys by city council upon the petition of any person upon good cause, that it will not be detrimental to public interests, and that the same should be made without giving personal notice and merely upon publication, has reference to the interests of the 'public generally. It certainly does not legislate upon the rights of abutting owners who do not consent. The law distinctly provides that “the right of way and easement therein of any lot owner shall not be impaired thereby.” If this is *298 not the object of this proviso I fail to .comprehend the purpose of it. As our Supreme Court said in Kinnear Manufacturing Co. v. Beatty, 65 O. S., 286: “All such rights would have been preserved without this provision, as it would not have been in the power of the Legislature to have authorized the city council to destroy vested rights.” The summary proceeding under this section which requires no personal notice gives no right to show individual injury or damage because it is determinable on general public interest, allows no compensation if it appropriate or take away easements, permits no appeal or right to proceedings in error from the findings of council, certainly could not be conclusive upon abutting owners who do not petition or consent to such vacation. It was therefore unnecessary for plaintiff to appear before council and protest, and if it did it would have availed nothing, because the basis of the action of council was the interest of the general public. Plaintiff had the right to assume that defendant’s object in thus seeking a vacation was for the purpose of avoiding future expense so far as the improvement of the alley was concerned; and as counsel well says, he could not as a property holder have enjoined this action for the benefit of the public, because his individual rights were saved. Besides such an injunction would have amounted to a restraint upon the governmental and discretionary powers of the municipal authorities.
It is contended with considerable force that under the recent decision of Kinnear Manufacturing Co. v. Beatty, supra, the reservation preserving the rights of abutting owners is applicable to those whose only means of access to their property has thus been impaired. The facts in that case were somewhat similar to the facts at bar, except that in the case cited the alley had an outlet at each end, one of which was closed, and in place of the closed entrance a new one was established, running in the opposite direction. ,The Supreme Court said that the access had been increased by running a new alley along the entire width of the lot of the complaining party. It is true that the justice rendering the opinion used a number of expressions in this case which might lead one to believe that the court intended to apply the benefits of this section only to those who abutted *299 upon a street which afforded the only means of ingress. He said, on page 284:
“In all the cases in this state, where ah owner of land is recognized as having such a property interest in a road or .street, as entitles him to an action for damages, or to restrain its obstruction, relate to the cases where there was a direct physical connection between the portion of the street interfered with and the land of the complainant, or the part vacated, furnished the only means of access to his property. In the latter case he is regarded as having an easement in the road or street, and its vacation or obstruction, affecting as it does his private rights, the injury to him is regarded as different in kind from that of the public. McQuigg v. Cullins, supra, is an instance of this kind. Where closing up a portion destroys the owner’s easement in the part not closed, and deprives him of any access "to his land, the result to him is the same as if the entire way had been closed.”
By the word “any” counsel urge is meant “all” cases. On the contrary, I think the Supreme Court referred to any access to his land from such vacated street, and not “all” access to his property at any point.
And on page 283 the court further said:
“His easement, however, is limited to the portion of the ¡street on which he abuts, or a street which affords him the only means of access to his property. Where his property is not in physical contact with the vacated portion of the street, and he bias other reasonable means of access, the individual has no right of action by which he can enjoin the obstruction, or recover damages. ’ ’
If this language were accepted literally the contention of ■defendant’s counsel might be well taken. But the Supreme Court was comparing the rights of one whose only means of ■access was destroyed, with that of another whose rights were only interfered with by giving him a more circuitous outlet. On page 282 the court said:
“The decisions in this state have clearly established that an abutting lot owner has such an interest in the portion of the street on which he abuts, that the closing of it up, or the impairment of its use as a means of access, or the addition of a new burden is the taking of private property for a public use and ■can not be done without compensation.' * * * The principle *300 of these eases, and they have been frequently followed, applies with like justice and force where a portion of a street is obstructed or vacated that affords the only reasonable access to the property of an owner, although his property does not abut immediately upon the obstructed portion. Abutting owners on a vacated portion of a street would not have the right, by reason of the vacation, to isolate an owner of property on the unvacated portion. Such an owner would still have an easement, or right of way over the vacated portion to a point where he could have reasonable access to other public ways.”
It reaffirms the doctrine in Jackson v. Jackson, 15 O. S., 163. A reference to this ease is instructive. On page 169, in conceding the right of enjoinment to and over a highway:
“Any substantial change in the highway to the injury of such passage or way is an invasion of his private property, and this private right extends so far as the reasonable and convenient enjoyment of such improvements requires the use of the adjacent highway, but beyond such necessary use thereof the private right is merged in that of the public.”
In that case the Supreme Court said the proof showed that the alteration in the road complained of was remote from the plaintiff’s land and only rendered the road less commodious in a public rather than a private point of view. So relief was denied in the ease of In re C., N. O. & T. P. Ry. Co., 19 C. C., 310, because our circuit court said in that case it was shown that “not one of the lots of the claimants abutted on any part of a street said to be vacated, but that they were all within the immediate vicinity.” The syllabus in McQuigg v. Collins, 56 O. S., 649, also appears applicable.
“If it appear that such threatened action will destroy the easement of the owner of adjacent land in such road, and no other road reasonably suitable to the necessities of such owner has been provided, injunction forbidding such obstruction or closing such road will be granted.”
Justice Minshall stated in the opening statement of his opinion in Kinnear Manufacturing Co. v. Beatty, supra, that—
“The ease involves the right of a property owner in a street or alley, a portion of which, other than the part on which he abuts, has been vacated by the city.”
*301 In the case at bar the portion of the alley on which the plaintiff abnts is being impaired. After reading the whole case I think the entire spirit of the decision favors the contention of the plaintiff in this ease, recognizing the right of the plaintiff in having unobstructed his right to a passage way from the rear of his premises through this alley to one of the four streets bounding the block in which the premises are situated. Had the defendant in this ease after closing the alley on the west provided an exit from plaintiff’s property on the east end of the alley to any of the three streets surrounding the block it would have been an exactly parallel case to that of Kinnear Manufacturing Co. v. Beatty and would have fallen within its provisions. Several eases may be found in which damages were allowed for injuries to property in the vacating of a street on one side so that the complaining party was left at the end of a cul-de-sac. Chicago v. Baker, 39 C. C. A., 318; In re Mellon Street, 182 Pa. St., 397.
In the ease at bar access to the rear of the plaintiff’s manufacturing site might well be a valuable appurtenance or easement to said lot. It occurs to me, therefore, that plaintiff was an abutter on this alley, and had acquired an easement therein; thast the vacation proceedings before council did not bind it; that it was not compelled to protest about the vacation because its individual rights were preserved, and that by building the wall and so closing the west end of the alley without opening the east end, or at least providing another outlet at the west end the plaintiff suffered in his rights to the enjoyment of said easement different in kind from that of the general public, and that unless the plaintiff was guilty of laches it would be entitled to the relief prayed for. There is no force in the argument that the defendant, owning both sides on the west end of the alley would have the right to close the same at that point, and that if closed the intervening space would by their own act become an object of nuisance. No one can complain of the result of his own negligent act. From what has been said no laches can attach either in failing to appear before council or in permitting plaintiff to spend any money in advertising. It is a doubtful question whether the money was not gratuitously expended. If not gratuitous, it may have been *302 the moving consideration for avoiding the expense of future improvements. Again, if the proviso saving the rights of non-consenting abutters has any virtue the expenditure of money for advertising on the part of the defendant, if obligatory upon it, could in no event amount to a waiver or estoppel against the plaintiff company.
Oscar W. Lange, for plaintiff.
Tugman & Baker, contra.
It is admitted that before the defendant began the erection of the wall, or the placing of any improvement upon the alley, the plaintiff notified the defendant of its intention to apply for an injunction, and no serious delay between such notification and the actual proceedings being shown, I can see no injury to the defendant, nor can I observe any change of position on its part detrimental to it because of plaintiff’s action or silence which would estop'it from claiming the relief now sought.
It is unnecessary for the court to pass upon the other questions raised by counsel, as to whether the deed from the Kirbys to the defendant gave them title to one-half or all of the alley, or whether the title had passed absolutely to the city, inasmuch as such transfer could in no event affect the rights of the plaintiff to the easement in the alley mentioned.
A decree with perpetual injunction will be granted in favor of the plaintiff and against the defendant, together with costs.