TACOMA RY. & POWER CO. v. PACIFIC TRACTION CO. et al.

(Circuit Court, W. D. Washington, W. D. July 30, 1907. On Rehearing, August 10, 1907.)

No. 1,160.

INJUNCTION—GROUNDS—ESTABLISHMENT OF LEGAL RIGHT—NECESSITY.

A street railroad company, whose right to occupy a city street is being contested by the city, which is by statute vested with the control over its streets, cannot maintain a suit in equity to enjoin another company from occupying such street, to which suit the city is not a party; it being impossible for the complainant to establish a legal right in such suit as a basis for the relief prayed for.

In Equity. Suit by a street railway corporation for an injunction to prevent a rival street railway company from occupying a public street in such a manner as to obstruct the complainant in laying tracks for an extension of its system. On final hearing. Injunction refused and suit dismissed.

B. S. Grosscup, A. G. Avery, and C. O. Bates, for complainant.
Ellis & Fletcher, for defendants.

HANFORD, District Judge. The Tacoma Railway & Power Company, complainant, commenced this suit against the Pacific Traction Company, which is a rival street railway corporation, and its manager, B. J. Weeks, and the Independent Asphalt Paving Company, a contracting corporation, which at the time of commencing the suit was engaged in paving Commerce street, in the city of Tacoma, and two other defendants, designated in the bill of complaint by the fictitious names of John Doe and Richard Roe. Pursuant to a stipulation of the parties the case has been dismissed as to the Independent Asphalt Company, and the court has not acquired jurisdiction of the mythical John Doe and Richard Roe. Therefore the case as presented on the final hearing is merely a controversy between two rival street railway companies for the right to occupy with railway tracks the center of a public street.

The complainant's claim to a prior and superior right is based upon an ordinance of the city of Tacoma granting a franchise to a corporation named "Point Defiance Railway Company" for the construction and operation of a street railway system in certain streets of the city of Tacoma, including the street in question, which franchise it claims to own as successor of the grantee, and a permit from the commissioner of public works of the city of Tacoma. The evidence proves that the franchise was granted in 1890. Section 1 of the ordinance comprehended lines of street railway which were at the date of the ordinance already constructed and in use. Section 2 of the ordinance contemplated lines of railway in certain streets between designated points, including that part of Commerce street, north of Ninth street, which is the subject of this controversy. No part of said contemplated lines have been constructed, and the first attempt to construct any part of the same was on the day preceding the date of the commencement of this suit, to wit, June 7, 1907, and the permit from the commissioner of public works did not issue until said date, and subsequent to the time at which the complainant had commenced work. Section 214 of the Tacoma city charter of 1890, which became effective after the grant of the franchise to the Point Defiance Railway Company, provides as follows:

"All franchises or privileges heretofore granted by this city which are not in actual use or enjoyment, or which the grantees thereof have not in good faith commenced to exercise at the time of the adoption of this Charter, are hereby declared forfeited and of no validity, and it shall be the duty of the city council to carry out the provisions of this section by the enactment of ordinances repealing said franchises."

The brief filed in behalf of the complainant contains a statement to the effect that the complainant, after commencing to place its tracks across Ninth street, and extending northward into Commerce street, "continued to work as best it could until the afternoon or evening of said day, when it was enjoined from further proceeding by an injunction issued from the superior court of the state of Washington for Pierce county, at the instance of the city of Tacoma." It is the opinion of the court that the complainant has no standing in a court of equity to obtain an injunction. The fatal point in the case is in the fact that the object of the suit is to obtain an injunction to protect a

disputed legal right. The admission that the city of Tacoma is aggressively opposing the extension of the complainant's tracks in Commerce street, and that it has sued out an injunction against such extension, puts the complainant out of court. Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565, 28 L. Ed. 1116.

The long delay of the grantee in commencing to use its franchise, and the declaration of forfeiture in section 214 of the city charter, and the authority of the city government to control the use of its streets, shows that there is probable cause for the suit which the city is prosecuting, and until the issues in that case shall have been adjudicated it will be impossible for the complainant to prove the legal right which is the foundation of its case in this court. By the laws of this state the control of the public streets in incorporated cities is delegated to the city governments, and within the limitations of its authorized powers the legislative branch of the city government of Tacoma is authorized to permit or restrain the construction of railway tracks and the operation of street railways in the public streets of that city. If the city council of Tacoma stands as sponsor for any attempt to deprive the complainant of vested rights contrary to law, the city is necessarily an indispensable party to any suit or proceeding to obtain judicial protection, for the reason that a decree which would not bind the city would be nonenforceable. I have no doubt that this court might grant an injunction to restrain the unauthorized use and occupation of a public street, in such a manner as to interfere with the enjoyment by the complainant of its legal rights. Seattle Gas & Elec. Co. v. Citizens' Light & Power Co. (C. C.) 123 Fed. 588; Gen. Elec. Ry. Co. v. Chicago, I. & L. Ry. Co., 98 Fed. 907, 39 C. C. A. 345, 58 L. R. A. 231. By "legal rights" I mean rights which have been firmly established and are undisputed or indisputable; but it is contrary to the principles of equity to grant an injunction to a complainant for the protection of rights which are disputed and the subject of litigation, when there is no threatened irreparable mischief to be prevented.

It is obvious that a decision of the vital question in this case will not settle the controversy, nor have any effect upon the rights of the parties before the court, otherwise than as a possible make-weight to influence the state court, in which the city of Tacoma is a litigant, in rendering a judgment for or against the complainant. But the court cannot legitimately render an opinion for any such purpose. I consider that it would be impertinent for a court, which does not have jurisdiction of an indispensable party, to volunteer advice to a court which has complete jurisdiction; and, although the parties in court have submitted the case for a decision on the main issue, it must be dismissed, because the case is not cognizable in equity without the presence of the city of Tacoma.

Let a decree be entered, denying the application for an injunction and dismissing the complainant's bill, with costs.

## On Rehearing.

The complainant has petitioned for a rehearing; the most substantial ground assigned being error of the court in assuming that there

is litigation pending between the city of Tacoma and the complainant affecting the right to extend its tracks in Commerce street. Conceding the error, and that the supposed lawsuit must be eliminated from consideration, I am nevertheless still of the opinion that the decision heretofore rendered is right. Although the injunction suit has been dismissed, and at present there is no actual litigation, it is still true that there is an unsettled controversy between the city government and the complainant concerning this matter, and the city must be reckoned with or coerced before the tracks can be extended. This court cannot determine that controversy, for the simple reason that the city is not a party to this suit.

Petition denied.