MICHAEL SCHALL *vs.* DAVID NUSBAUM, SOLOMON S. ECKER, JAMES PEARRE, and the LIBERTY AND NEW WINDSOR TURNPIKE COMPANY, in Frederick and Carroll Counties.

*Bill to restrain Defendants from interfering with the Team of Complainant in passing over a Turnpike road—Demurrer to bill—Case of a Public nuisance—Remedy by Indictment.*

A bill was filed to restrain the individual defendants professing to be officers of a Turnpike company, from doing any act to interfere with or prevent the team of the complainant from passing over the road, which the defendants, professing to constitute the Turnpike company, claimed to hold as a Turnpike road of the company, and to charge and to collect tolls for passing over it. On a demurrer to the bill, it was HELD:

1st. That if the road in question were a public road or highway over which the complainant had a right to travel without obstruction, he had simply made out a case of a public nuisance by the erection of the toll-gate.

2nd. That not having shown that he had suffered from it some special and particular damage, different in kind and degree from that experienced in common with other citizens, or that he had suffered, or was likely to suffer, any irreparable injury or damage, he had failed to present such a case as would entitle him. even to a civil action for damages, still less to the protective interposition of a Court of equity.

3rd. That the remedy in such case was by indictment.

APPEAL from the Circuit Court for Carroll County, in Equity.

The case is stated in the opinion of the Court.

Schall *vs.* Nusbaum, Ecker, *et al.*

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON, IRVING and MAGRUDER, J.

*William P. Maulsby*, for the appellant.

*James W. Pearre*, and *William P. Maulsby, Jr.*, for the appellees.

MAGRUDER, J., delivered the opinion of the Court.

This is an appeal from an order or decree sustaining a demurrer to the bill of complaint filed by the complainant, dissolving the injunction which had been issued, and dismissing the bill.

The bill sought to restrain the individual defendants, professing to be officers of the Liberty and New Windsor Turnpike Company, from doing any act to prevent the team of the appellant from passing over the road, which, the defendants, professing to constitute the Turnpike Company, claim to hold as a turnpike road of the Company, and to charge and collect tolls for passing over it.

To this bill a demurrer was filed. This raises the question of the sufficiency of the averments of the bill to enable the complainant to have the relief sought.

Without dwelling upon other objections raised to the bill, it is sufficient for the purposes of the question presented by the demurrer to say, that even if there is no such corporation as the Turnpike Company named, and if there has not been constructed a road bed sixteen feet wide, for three miles in length, as required by the charter as a pre-requisite to the right to charge and collect tolls, and if there was in fact no such corporation as the Frederick and Woodsborough Turnpike Company, the rate of whose tolls was to be the measure of the charges of the defendant company, as prescribed by its charter, and no right to charge tolls therefore existed, and if the road in question is a public road or highway over which the com-

plainant has a right to travel without obstruction, then the complainant has simply made out a case of a public nuisance by the erection of the toll-gate ; and not having shown that he has suffered from it some special and. particular damage, different in kind and degree from that experienced in common with other citizens, or that he has suffered, or is likely to suffer any irreparable injury or damage, he has not presented such a case as would entitle him even to a civil action for damages, much less to the protective interposition of a Court of equity. *Mayor, &c. vs. Marriott,* 9 *Md.,* 160 ; *Houck vs. Wachter,* 34 *Md.,* 266 ; *Kerr's Inj. in Eq.,* (2nd Ed.,) 167 ; *Wood on Law of Nuis. passim ; Del. & Md. R. R. Co. vs. Stump,* 8 *G. & J.,* 510.

The remedy in such cases is by indictment. The Court below was therefore right in sustaining the demurrer, and the decree must be affirmed.

*Decree affirmed, with costs.*

(Decided 29th June, 1881.)