## THE NEUDOEFER SILCOX CO. v. THE MARTING BROTHERS CO.

*Injunction—Vacating of alley—Property of abutting owner rendered cul-de-sac.*

An owner of property abutting on an alley, which will be rendered *cul-de-sac* by the vacation of part of the alley in the same block, has such a different kind of resulting injury from that sustained by the public as to enable him to maintain an action to enjoin the threatened injury until he has been compensated.

(Decided January 22, 1923.)

APPEAL: Court of Appeals for Scioto county.

*Mr. B. F. Kimble,* for plaintiff.
*Mr. Edgar G. Millar* and *Mr. S. Anselm Skelton,* for defendant.

MAUCK, J. The plaintiff is the owner of part of lot 302 in the city of Portsmouth, fronting on Fifth street and running back alongside one alley to another alley, which latter alley is parallel with Fifth street and extends from Chillicothe street, the first north and south street east of said lot, to Washington street, the first north and south street west of said lot. This rear alley is sixteen feet wide. The plaintiff's lot is covered by a valuable building, flush with Fifth street in front, and with the alleys mentioned on the west and north sides of such lot. This building is especially planned and constructed for the conduct of plaintiff's business, which is the wholesale grocery business. The plaintiff receives and ships large quan-

tities of goods. The incoming goods are received by doors opening on the side alley, and the outgoing goods, for part of the trade, are placed on auto trucks owned and operated by plaintiff through the same doors, the other and bulkier goods going out on such trucks through doors opening on the rear alley.

The city council of the city of Portsmouth in 1922 passed an ordinance vacating the east 121 feet of the alley in the rear of the plaintiff's property. The result of this vacation is to vest title in the abutting owners, and the defendant, being one of such owners, is about to construct a building on the vacated portion of the alley, and thus permanently obstruct the same, and this the plaintiff seeks to enjoin. The plaintiff's property does not touch any part of the vacated portion of the alley, but the alley in the rear of the plaintiff's property is made *cul-de-sac,* the unvacated portion extending several feet east of plaintiff's east line.

The testimony tends to show that while plaintiff can, and sometimes does, back its smaller trucks from the alley intersection into the alley at the rear of its place of business, and, after loading, drive such trucks out of the side alley to Sixth street, which is north of Fifth street, it, at other times, with its small trucks, and probably always with its largest truck, drives from its rear door east through the rear alley to Chillicothe street.

The testimony tends to show that the portion of the alley vacated is worth from twenty to thirty thousand dollars, and that the vacation has enriched the abutting owners to that extent. On the other hand, the vacation results in inconven-

288    OHIO APPELLATE REPORTS.

Neudoefer Silcox Co. *v.* Marting Bros. Co.    [17 Ohio

ience to the plaintiff and some depreciation in its property value, both of which will be to some degree compensated by the widening of the north half of the side alley.

The council had the right to pass the ordinance and thereby determine the public rights, and we cannot question its determination that the public is best served by the vacation. It is not questioned that if plaintiff's property actually abutted on the vacated part of the alley its easement therein could not be destroyed, even in the public interest, without compensation, and that injunction would lie to protect such interest. The question in the instant case, therefore, is whether an owner of property abutting on an alley which will be rendered *cul-de-sac* by the vacation of part of the alley in the same block has such a different kind of resulting injury from that suffered by the public as to enable him to maintain a private action to enjoin the threatened injury until he has been compensated.

Both parties hereto confidently cite *Kinnear Manufacturing Company* v. *Beatty*, 65 Ohio St., 264. The defendant contends that in that case it was decided that such property owner suffers an injury different in kind from that of the public only in case he is by the vacation deprived of his sole means of access to his property, while plaintiff contends that his injury differs in kind in case the owner has no ample access after such vacation, and that in the instant case he has not sufficient access. The position of both parties has support in the language found in the opinion, but since 1857 the rule has obtained in Ohio that the law of a case is found in the syllabus rather than

OHIO APPELLATE REPORTS. 289

App.]     Neudoefer Silcox Co. v. Marting Bros. Co.

in the casual language of the opinion, and the pertinent syllabus in the *Kinnear case* reads:

"A property owner on a street or alley, a portion of which, other than the part on which he abuts, is vacated by the city council, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted, where he has *reasonable access* to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation."

Moreover, the Supreme Court, when confronted with this case in *Schimmelmann* v. *L. S. & M. S. Ry. Co.,* 83 Ohio St., 356, 374, gave its construction to the earlier case by pointing out that in the *Kinnear case* the owner was denied an injunction because after the vacation she had fully as good, and perhaps better, means of access than she had before the vacation, and emphasized that subsequent part of the paragraph of the syllabus in the *Kinnear case* that holds:

"To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public."

The *Kinnear case,* therefore, affords no controlling precedent for denying the plaintiff the relief sought, for the owner in that case was not left abutting upon a blind alley. If that case is helpful to the defendant it is only to the extent of authorizing the court to determine whether the plaintiff, after vacation, still has reasonable access to his property.

The principal question, that is, whether an owner left on a *cul-de-sac* by the vacation of part of an alley is by that fact alone injured in a way

290    OHIO APPELLATE REPORTS.

Neudoefer Silcox Co. v. Marting Bros. Co.   [17 Ohio

differing in kind from the injury suffered by the traveling public, has not been determined in this state. The decisions of various states are in sharp conflict. The situation is thus described in 13 Ruling Case Law, 73, Section 65:

"If the vacation cuts off his only means of access to his property from the main public ways, then he is entitled to recover whether his property fronts upon the vacated portion of the way or not. On the other hand, it is very generally held that if his property does not abut on the vacated portion of the street and he is not deprived of the only reasonable means of access thereto, he is not entitled to compensation, at least unless he suffers some other special damage. Many courts, however, hold that he is entitled to compensation where all access from his property to the system of streets in one direction is cut off, so that his property is left at the end of a *cul-de-sac;* at least where the market value of the property is lessened thereby."

Massachusetts is one of the states in which will be found a long line of authorities supporting the proposition that an owner affected as the plaintiff is in the case at bar cannot recover, and the Massachusetts cases are largely relied upon and followed by the states that have adopted this rule. In applying this rule, laid down in 1851, in *Smith* v. *City of Boston,* 7 Cush. (61 Mass.), 254, the Supreme Court of Massachusetts in 1892 displayed no enthusiasm for it, but followed it under the doctrine of *stare decisis.* The court said in *Stanwood* v. *City of Malden,* 157 Mass., 17:

"We express no opinion as to how we should have decided any of the foregoing cases had they

OHIO APPELLATE REPORTS.        291

App.]      Neudoefer Silcox Co. *v.* Marting Bros. Co.

arisen before us for the first time. It is enough
to say that *Smith* v. *Boston* is intelligible, even if
with justice it might have been made liberal.''

Unembarrassed by clear precedent, we prefer the
more liberal rule adopted by the courts of New
Jersey, Illinois, Pennsylvania and other states that
recognize that the interest that an abutting prop-
erty owner has in the street along the entire block
on which his property is located is substantially
different in kind from the interest that others who
own no property in that particular block have.
The authorities pro and con are to be found in a
note to *City of Newark* v. *Hatt* (79 N. J. L., 548),
in 30 L. R. A. (N. S.), 637. We adopt as our own
the view expressed by the New Jersey court, that
while the owner enjoys with the public the right to
pass over a street, he also has a ''special right of
access to his land from the next adjacent inter-
secting streets, over the highway on which it
bounds, and that such right of access, in either di-
rection the street allows, is a special advantage to
the lands lying on it between any two intersecting
streets. It is not a question whether the land ad-
joins the vacated portion or not, but rather will
its value be impaired if deprived of one of the
immediate means of access to it? We are of opin-
ion that such right of access is of special advan-
tage to all the land abutting a highway on a block
between two streets, and that the vacation of a
part of such street diminishes the value of all the
land between the next adjacent cross streets.''

It is interesting to observe that one of the
cases cited and followed in the *Newark case* is
*City of Chicago* v. *Burcky*, 158 Ill., 103, 29 L. R. A.,
568, which, too, is a blind-alley case. This *Burcky*

*case* is also cited with approval in the same opinion in which our Supreme Court interprets and distinguishes the *Kinnear case,* our Supreme Court saying, page 377:

: "A case very much in point is found in *Chicago* v. *Burcky,* 158 Ill., 103, where it is held that 'the vacation of part of a street constituting a thoroughfare across railroad tracks, and the erection of a viaduct in another place, damage a land owner whose property is thereby left upon a blind court in a manner different from the general public, and entitle him to damages, although his property only touched the vacated portion at one corner.' "

We are of the opinion, therefore, that the fact that the plaintiff's property is on the same block as the vacated alley, and that the unvacated part on which plaintiff abuts is *cul-de-sac,* sufficiently shows plaintiff to have a peculiar interest in the whole alley not shared by the public in general, and that it is entitled to the relief sought without further showing.

*Decree for plaintiff.*


SAYRE, P. J., concurs.
MIDDLETON, J., dissents.