JOSEPH C. JOHNSON ET AL. *vs.* MAYOR AND TOWN COUNCIL OF OAKLAND.

*Obstruction of Highway—Special Damage to Property Owner—Injury to Business.*

The obstruction of a highway is not a ground of civil action by an individual, unless he has suffered from it some special and particular damage, different in kind from that experienced by others.                              pp. 434, 435

The owners of property on a street, in such close proximity to the obstruction formed by the closing of a bridge on the street, as to be separated by it from the nearest intersecting street in that direction, suffer an injury from the obstruction not common to the general public.                 pp. 435, 436

Where the closing of a bridge on a street diverted the motor business on which a garage on the street was dependent, with the result that the value of the garage enterprise was virtually destroyed, the effect upon the property and business of the garage owner was not a common but a special injury.   pp. 436, 437

A declaration averring a specific and substantial injury to plaintiff's business conducted on their property abutting on a

much used street, alleged to have been closed for want of repairs, through the negligence of the municipality, during a period of four years, was not demurrable.                          p. 437

Damages on account of the alleged destruction of a business, by the obstruction of the street on which it was conducted, were susceptible of competent proof.                          pp. 437, 438

*Decided June 11th, 1925.*

Appeal from the Circuit Court for Garrett County (Doub, J.).

Action by Joseph C. Johnson and Cecile Johnson, his wife, against the Mayor and Town Council of Oakland, Maryland, a municipal corporation. From a judgment for defendant, plaintiffs appeal. Reversed.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Walsh, JJ.

*George W. Legge, Jr.,* and *Thomas L. Richards,* for the appellants.

*Julius C. Renninger* and *Horace P. Whitworth,* for the appellee.

Urner, J., delivered the opinion of the Court.

The declaration in this case alleges, in effect, that the plaintiffs are the owners and possessors of certain real estate consisting of a garage, dwelling house, office building and other property situated on the north side of Oak Street, between Third Street on the east and Second Street on the west, in the town of Oakland, Maryland; that between the property of the plaintiffs and Second Street is a bridge by which Oak Street crosses over the tracks of the Baltimore & Ohio Railroad; that Oak Street is the shortest connection between the improved state highways leading east and west from Oakland; that the bridge referred to was erected by

the Mayor and Town Council of Oakland many years ago, and was maintained by the municipality as an essential part of Oak Street until February, 1920, since which time it has been out of repair and closed from all traffic; that prior to the closing of the bridge in 1920 the plaintiffs conducted a large and lucrative garage business with passing motorists, but since the bridge has been closed, the portion of Oak Street on which the plaintiffs' property is located has become a *cul de sac,* and all through traffic has consequently been diverted away from the plaintiffs' garage, and their once profitable business has been virtually destroyed, and they have thus suffered a special and substantial damage different in kind from that sustained by other citizens of the town; that the defendant municipality is charged with the obligation and vested with ample power to keep the thoroughfares of the town in proper condition for public use, but has negligently failed to repair or open the bridge on Oak Street, notwithstanding the issuance of a writ of mandamus by the Circuit Court for Garrett County at the suit of the plaintiffs requiring the performance of that duty.

A demurrer to the declaration was sustained. Judgment on the demurrer was entered in favor of the defendant for costs, and the plaintiffs have appealed.

The question raised by the demurrer is whether the declaration alleges any provable damage to the plaintiffs, from the highway obstruction mentioned, for which the present suit may be maintained. In regard to the principle of law applicable to the case there is no dispute. It is thus stated in *Houck v. Wachter,* 34 Md. 269: "The obstruction of a highway is a common nuisance, and, being a wrong of a public nature, the remedy is by indictment; it is not in itself a ground of civil action by an individual, unless he has suffered from it some special and particular damage, different not merely in degree, but different in kind from that experienced in common with other citizens. In such case the actual damage constitutes the gist of the action, and must be averred and proved." This general principle has been

stated and applied in numerous decisions in other jurisdictions, and in the following Maryland cases subsequent to the one already cited: *Schall v. Nusbaum*, 56 Md. 512; *Crook v. Pitcher*, 61 Md. 510; *Lake Roland Co. v. Webster*, 81 Md. 529; *Bembe v. Anne Arundel County*, 94 Md. 327; *Walters v. Balto. & O. R. R. Co.*, 120 Md. 644; *Balto. & O. R. R. Co. v. Gilmor*, 125 Md. 610.

The real problem in such cases is to determine whether the injury sued for is sufficiently distinctive to support the action. In this case the closing of the bridge on Oak Street, between the plaintiffs' property and the nearest intersecting street to the west, is alleged to have converted into a *cul de sac* the street on which their place of business is located, and to have deprived them of the trade incident to the use of the street by motorists as the most direct course of travel through the town.

In *German Lutheran Church v. Baltimore*, 123 Md. 152, Chief Judge Boyd said: "Where the vacation of the street is in front of the plaintiff's property or in the same block, so that his access is cut off entirely, the decisions hold either that it is a taking of the property, or at least that the owner is entitled to damages, and if under those circumstances his access is cut off in one direction, so as to put his property in a *cul de sac*, perhaps most authorities hold that he is entitled to damages." It appeared in the case just cited that the appellant's property did not abut on the portion of the street which was closed, and the decision disallowing damages to the appellant was based largely upon that fact. The opinion referred to decisions holding that the owner of property which does abut on the part of the street closed is entitled to compensation if he is able to prove special damage, and said: "But it will be seen by an examination of them that the vacation left the property in a *cul de sac* and in some instances there were special statutes." The case of *Henderson v. Lexington*, 132 Ky. 390, was then cited in the opinion as "an instructive one" and as deciding that "the equitable and practicable rule is to limit the persons entitled to

compensation and to be made parties, to the property owners
abutting on the street, alley or highway proposed to be closed
between the nearest streets intersected by the street, alley,
or highway to be closed."

The reasoning of the opinion in *German Lutheran Church
v. Baltimore* logically leads to the conclusion that the owner
of property is entitled to recover damages resulting from
the closing of the street between his property and one of
the two nearest intersecting thoroughfares. There is strong
authority for this view in the decisions of other courts.
*Chicago v. Burcky,* 158 Ill. 103; *In re Melon Street,* 182
Pa. 397; *Highbarger v. Milford,* 71 Kan. 331; *Chicago v.
Baker,* 86 Fed. 753; *Newark v. Hatt,* 78 N. J. L. 548;
*Schimmelman v. Lake Shore etc. R. Co.,* 83 Ohio St. 356;
*Vandenburgh v. Minneapolis,* 98 Minn. 329; *Meighan v.
Birmingham Terminal Co.,* 165 Ala. 591; *Re Attorney
Street,* 162 App. Div. 469, 147 N. Y. Sup. 599; *O'Brien v.
Central Iron & Steel Co.,* 158 Ind. 218. In 11 *Amer. &
Eng. Ann. Cas.* 291, it is said: "With respect to obstructions
requiring the taking of a more circuitous route, a distinc-
tion has been drawn between cases in which there is an in-
tersecting highway between the plaintiff's property and the
obstruction, and cases in which the obstruction places the
plaintiff's property in a *cul de sac.* The latter kind of ob-
struction is regarded as a special injury even by courts that
do not regard the former as constituting special injury."

As the owners of property situated on Oak Street in such
close proximity to the obstruction formed by the closing of
the bridge as to be separated by it from the nearest inter-
secting street in that direction, the plaintiffs suffer a conse-
quent injury which is not shared by the general public. It
is alleged in the declaration, and assumed by the demurrer,
that the closing of the bridge has diverted the motor traffic
upon which the garage business of the plaintiffs was depend-
ent, with the result that the value of the enterprise has been
virtually destroyed. This effect upon their property and
business interests is not a common but a special injury.

In *Garitee v. Baltimore,* 53 Md. 439, and *Crook v. Pitcher,* 61 Md. 310, *supra,* reference is made in the opinions to the case of *Wilkes v. Hungerford Market Co.,* 2 Bing. N. C. 281: "Where a book seller, having a shop by the side of a public thoroughfare, suffered loss in his business in consequence of passengers having been diverted from the thoroughfare by the defendants' continuing an unauthorized obstruction across it for an unreasonable time," and this was held to be "a damage sufficiently of a private nature to form the subject of a civil action by the plaintiff." The distinction between the public and private injury caused by the obstruction was thus stated by Chief Justice Tindall: "The injury to the subjects in general is that they cannot walk in the same track as before; and for that cause alone an action on the case would not lie; but the injury to the plaintiff is the loss of a trade, which but for this obstruction to the general right of way he would have enjoyed; and the law has said, from the Year Books downwards, that if a party has sustained any particular injury, beyond that which affects the public at large, an action will lie for redress."

It is said in 13 *R. C. L.* 234: "Interference with an established business is generally regarded as being a special injury, as where an obstruction entirely prevents one from carrying on a business previously established or materially interferes with the access of customers to his store, or interferes with or interrupts travel in front of his place of business or diverts it to the other side of the street."

In view of the conditions described in the declaration we are unable to hold that it is demurrable. It avers a specific and substantial injury to the plaintiffs' business conducted on their property abutting upon a much used street, which is alleged to have been closed for want of repairs, through the negligence of the defendant corporation, during a period of more than four years. In our opinion these allegations present an issue as to which a defense on the facts is required.

The contention that the damages claimed on account of

the alleged destruction of the plaintiffs' business are not susceptible of competent proof is not sustainable. The method of proving such a loss is discussed in *Evans v. Murphy,* 87 Md. 498; *Shafer v. Wilson,* 44 Md. 268; *Sterling v. Marine Bank,* 120 Md. 396; *Rawlings v. Nash,* 117 Md. 400; *Winslow Elevator Co. v. Hoffman,* 107 Md. 637; *Mullen v. Belbin,* 130 Md. 313; *Svea v. Packham,* 92 Md. 479.

*Judgment reversed with costs, and new trial awarded.*