## HURON COUNTY COMMISSIONERS v MIDDLESWARTH

Ohio Appeals, 6th Dist, Huron Co
No 266. Decided April 28, 1930

Parkhurst & Buckingham, Bellevue, for Commissioners.

Young & Young, Norwalk, for Middleswarth.

**WILLIAMS, J.**

Appeal lies in such a case and the corrected record shows the appeal to have been taken according to law. **Board of Com-Missioners vs. Gibson, 110 Ohio St., 290.**

There is evidence tending to show that Goodrich Road is a highway on the outskirts of Bellevue and that the portion vacated leaves the property of the defendant in error on a cul-de-sac or blind road. The premises of the defendant in error abut upon Goodrich Road about a quarter of a mile or so from the vacated portion thereof. Goodrich Road formerly extended east and west and afforded an outlet in both directions. The vacated part is to the east, and defendant in error now has no means of ingress or egress except to the west. How much further the defendant in error will have to go to reach points to the east from his premises, since the vacation, does not definitely appear. There is evidence, however, tending to show that the additional distance would be more than a mile.

Before the vacation was made, the defendant in error received mail deliveries on his premises. About 3 acres of the land of defendant in error is within the corporate limits of Bellevue. His residence is situated on these 3 acres and fronts upon Goodrich Road, which at this point is within the corporate limits of Bellevue. Since the vacation, deliveries of mail are no longer made there and he is either compelled to get his mail at Castalia Street, a half mile away, or go to the post office, which is still farther. Goodrich Road is improved and there was considerable travel thereon prior to the vacation, but since then, travel is very limited.

The court submitted to the jury the question whether or not Middleswarth suffered an inconvenience by reason of the vacation, different in kind from that of the general public, but refused to submit to the jury, over the objection and exception of the plaintiffs in error, one of the requests submitted by them, which reads as follows:

"A property owner on a road, a portion of which other than the part on which he abuts is vacated by the county commissioners, has no right to recover damages by reason of such vacation where he has reasonable access to his property over a portion of the road vacated."

Many cases support the doctrine that where access to property from one direction is cut off by the vacation of a part of the street and such property is left fronting on a cul-de-sac, the owner may recover damages. 49 A. L. R., 351. We are not compelled, however, to seek authorities in other jurisdictions, for the reason that we have many decisions in this state:

Cohen vs. Cleveland, 43 Ohio St., 190;
Kinnear Mfg. Co. vs. Beatty, 65 Ohio St., 264;
Schimmelmann vs. Railroad, 83 Ohio St., 356;
Hall vs. Railroad, 85 Ohio St., 148;
Neudoefer Silcox Co. vs. The Marting Bros. Co., 17 Ohio App., 286.

We are of the opinion that all of these Ohio cases can be reconciled and that the language used in the different opinions, when construed in the light of the facts involved, is wholly consistent. The Supreme Court has laid down the rule that the owner can not recover damages resulting from the vacation of a highway on which the land involved does not abut where he has reasonable access to his property by another highway or highways, even though the distance he may have to travel may be greater than it was before the vacation.

Under the evidence adduced in the instant case the question whether or not the defendant in error had reasonable access to his property after the vacation was one of fact for the determination of the jury under the instructions of the court. We are therefore of the opinion that the court erred in refusing to give the request above noted. We call attention of the court to **Roe vs. National Supply Co., 10 Court of Appeals Opinions, 6th District, unreported, p. 149,** and **1st National Bank of Fremont vs. Hocking Valley R. R. Co., 13 Court of Appeals Opinions, 6th District, unreported, p. 152.** We do not regard the opinion in the instant case as being in conflict with the views expressed in these cases.

We have examined all the errors complained of and find none other prejudicial to plaintiffs in error, but for the reasons stated the judgments of the courts below will be reversed and the cause remanded for a new trial.

Lloyd and Richards, JJ., concur.