Common Pleas Court of Hamilton County.

GOUGH V. CINCINNATI & PENNSYLVANIA R. R. CO.
METZLER V. CINCINNATI & PENNSYLVANIA R. R. CO.

Decided December 19, 1931.

*Alton E. Purcell* and *Frank K. Bowman,* for plaintiffs.

*John D. Ellis,* city solicitor and *Jacob Hauptman,* asst. city solicitor, for City of Cincinnati.

*Maxwell & Ramsey,* for Pennsylvania Railroad Co.

ALFRED MACK, J:

These two cases, which have been submitted to the court upon general demurrer to the petition in each case, involve the question of the right of property holders arising out of the vacation of parts of public streets.

Acting under proper authority the city of Cincinnati,

in the abolishment of dangerous grade crossings and in the construction of what is known as the Beechmont Avenue Viaduct, vacated part of Hutton street and has constructed a certain viaduct along the southerly side of Beechmont avenue, passing over the tracks of the Pennsylvania Railroad at Beechmont avenue.

Heretofore, in *Stansberry* v. *City of Cincinnati, et al.,* 28 N. P., N. S., 207, this court had under consideration an application by the owner of property abutting on Hutton street, part of which was vacated, to enjoin the erection of a viaduct over the tracks of the Pennsylvania Railroad at Hutton street, and thereby closing such part of Hutton street to vehicular traffic from said street to Eastern avenue, into which said Hutton street extended prior to the vacation of such part thereof and the erection of said viaduct. In that case this court held that an action in injunction could not be maintained, but that under the provisions of Section 3729, General Code, said property owner on Hutton street, part of which was so vacated, had a right to compensation for his property right in the street, part of which was so taken away.

In each of the instant cases the property owner alleges filing of a claim for damages with the city and seeks to recover damages for alleged injury to right of ingress and egress to Eastern avenue.

In the first case the property of the plaintiff abuts on Hutton street a distance of 750 feet from Eastern avenue. The allegation is that prior to the vacation of part of Hutton street plaintiff had access to Eastern avenue by way of Hutton street and Linwood avenue; that now he is compelled to travel a distance of approximately one mile to reach Eastern avenue; that his property has been left in a *cul-de-sac*; that at high water mark of the Ohio river a large portion of the streets will be flooded, preventing access to and from Eastern avenue; that his former access, under such circumstances, to Eastern avenue will be cut off; that plaintiff's property has been greatly diminished in value by the acts of the defendants.

In the second case the property of plaintiffs abuts

on Morse street. The allegation is that the premises are distant from Eastern avenue about 600 feet, and that prior to the acts complained of they had access to Eastern avenue by means of Hutton street and Linwood avenue. The same additional allegations are made as in the first case.

Not only have eminent text writers discussed the law relating to the question in the instant cases, but there are numerous decisions in this state upon this subject, most of which will be hereafter discussed.

*Dillon on Municipal Corporations*, 5th Ed., Vol. 3, Section 1160, states the following:

"There are many decisions to the effect that when the vacation of a street or highway interferes with the access to the abutter's property in such manner that he is *specially and peculiarly* damaged,—suffering loss or injury differing from that of the public, not merely in degree, but also in kind,—the abutter is entitled to compensation under statutory provisions or under constitutional provision against the taking or damaging of private property for public use without making just compensation therefor."

*Elliott on Roads and Streets*, 3rd Ed. Vol. 2, Section 1180, says:

"The right which an abutter enjoys as one of the public and in common with other citizens is not property in such a sense as to entitle him to compensation on the discontinuance of the road or street; but with respect to the right which he has in a highway as a means of enjoying the free and convenient use of his abutting property it is radically different, for this right is a special one. If this special right is of value—and it is of value if it increases the worth of his abutting premises—then it is property, no matter whether it be great or small."

In *Madden* v. *Pennsylvania Railroad*, 21 C. C., 73, it was held that where a street, either by vacation or obstruction or closing of the street in any way, is cut off near enough to property abutting on such street so as to materially affect its value, the property owner has a right to compensation. This decision was affirmed by the Supreme Court in 66 O. S., 649.

In the case of *Kinnear Mfg. Co.* v. *Beatty*, 65 O. S., 264, the Court announced as syllabus 2 the following:

"A property owner on a street or alley, a portion of which, other than the part on which he abuts, is vacated by the city council, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted, where he has reasonable access to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation. To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public, and not only in degree."

To fully understand why the property holder in that case was denied compensation, attention is directed to the following facts emphasized in the opinion of the court at page 281:

"It will be observed that the lot of the plaintiff does not abut upon any portion of the vacated alley; and that she has public access to her lot with its improvements, on the north, by a street (the front of her lot); on the east by the new alley, the entire length of the lot; and on the south by the unvacated portion of Cedar alley, the entire width of the lot. In other words, she has public access to her lot on every side but one."

In *Schimmelmann* v. *Railway Co.*, 83 O. S. 356, it was held that the property owners were entitled to relief. In that case, in order to abolish a grade crossing, a street was closed at the crossing and in place of such street a subway was constructed. The evidence tended to show that the effect of this was to divert travel from the unvacated part of the street into the subway and away from the place of business of the plaintiffs, thereby causing the business theretofore done to locate in another part of the village, with the effect of greatly reducing the value of plaintiffs' premises. It was held that upon establishing such facts the owners of the premises were entitled to recover the damages caused by such depreciation in value. The court distinguished the case from its previous decision in *Kinnear Mfg. Co.* v. *Beatty*.

In *Hall* v. *Railway Co.*, 85 O. S., 148, the city of Cincin-

nati by ordinance granted to the Railway Company the right to construct and maintain tracks and switch leads for additional tracks across Ludlow street, south of Front street. An injunction was sought by complainants, whose property abutted on Ludlow street, but not immediately on that portion of the street over which the proposed tracks were to be placed. It was averred that Ludlow street was the principal means of ingress and egress to and from the property, and that the new tracks would materially interfere with, if not entirely destroy, the use of Ludlow street for ingress and egress as far as Front street, that street being the first intersecting street to the north of the property.

An injunction was granted in the trial court, and on appeal the Circuit Court refused an injunction against the construction of the tracks across Ludlow street in the manner and form specified in the ordinance of the city granting the Railway Company such right and privilege.

In the Supreme Court the judgment refusing the injunction was held erroneous, and that court enjoined the construction of the additional tracks across Ludlow street, and granted a mandatory injunction requiring the removal of such tracks as had been placed across Ludlow street, since the commencement of the action. At page 157 the court says:

"It would, therefore, seem to be fully settled in Ohio that whether property abuts upon that particular portion of the obstructed or vacated street, yet if that street affords the only reasonable access to the property, the owner's rights are the same as if his property actually abutted upon the obstructed parts, but where his property is not physically in contact with the vacated portion of the street and he has other reasonable means of access, then the owner has no right of action to enjoin the obstruction or recover damages."

In Schmidt v. City of Cleveland, 15 C. C (N. S.), 589, the property owner was denied the recovery of damages. It was sought to recover such damages for the obstruction of the southerly end of Eighty-third street in the city of Cleveland by the building of a viaduct on Kinsman road as part of a grade crossing elimination improvement.

Plaintiff owned the lots on the easterly side of said Eighty-third street, which started at said Kinsman road and ran northerly therefrom, crossing other streets running east and west. Before the viaduct was built the plaintiff could go southerly to Kinsman road and take cars by traveling a distance of 234 feet from the middle point of his land; after such improvement he was required to travel northerly 86 feet on said Eighty-Third street, thence travel westerly 221 feet on another street and thence southerly 116 feet on another street; in all a distance of 473 feet, which was practically twice as far as he had to go before the improvement was made. It was estimated that at a slow walk this would require a minute longer than prior to the improvement.

The Court in affirming a directed verdict for defendant said at page 592, after discussing the *Kinnear and Schimmelmann* cases:

"We find no facts in this case similar to the facts in other cases where relief was granted the plaintiff, either because the *only* reasonable means of access to his property was obstructed, or because his inconvenience from the obstruction was different in kind, and not in degree, from that of the general public."

This decision was affirmed by the Supreme Court in 91 O S., 410.

In *Neudoefer Silcox Co.* v. *The Marting Bros. Co.*, 17 Ohio App., 286, the property owner was held entitled to relief under circumstances stated in the syllabus of the case, viz:

"An owner of property abutting on an alley, which will be rendered *cul-de-sac* by the vacation of part of the alley in the same block, has such a different kind of resulting injury from that sustained by the public as to enable him to maintain an action to enjoin the threatened injury until he has been compensated."

The decisions of the Supreme Court in *Kinnear* and *Schimmelmann* cases are discussed in the opinion of the Court.

It should be observed that in the following cases, wherein relief was denied to the plaintiff, the judgment was affirmed by the Supreme Court on the authority of

the *Kinnear* case, viz: *Wirth* v. *Railway Co.*, 86 O. S., 348; and *Schmidt* v. *City of Cleveland*, 91 O. S. 410.

From all of the foregoing it is the opinion of the court that the following principles are to be deduced as the law governing cases of the character of the instant cases:

1. Damages in cases where streets or highways are vacated or obstructed, can only be granted to abutting property owners upon such street or highway.

2. The owner of real estate immediately abutting upon a street or highway vacated or obstructed is clearly entitled to damages measured by the depreciation in the value of his property resulting from such vacation or obstruction. Obviously this is grounded upon his being absolutely injured in his ingress to and egress from his property.

3. An owner of real estate abutting upon a street or highway which is vacated or obstructed, but which real estate does not immediately abut upon the portion vacated or obstructed, presumably suffers' inconvenience or injury different in kind from that of the general public and is entitled to damages for such inconvenience or injury, if the evidence establishes that the inconvenience or injury is different in kind from that of the general public. Cases can be imagined, where in such instances the property abuts upon a street or highway, a portion of which is obstructed or vacated at a point so distant from the real estate that the inconvenience or injury will be found not to be different in kind from that of the general public.

Applying the foregoing principles to the instant cases, the court is of opinion that in the case of Laura M. Gough, whose property abuts upon Hutton street, a portion of which has been obstructed and vacated, the petition states a good cause of action and the demurrer thereto should be overruled.

In the case of *Leo Metzler et al,* whose property does not abut upon any street which is vacated or obstructed, the court is of opinion that the petition does not state a good cause of action, and that the demurrer thereto should be sustained.

Orders will accordingly be entered in the two instant cases.