## MERRELL v SCHWAB et

Ohio Appeals, 2nd Dist, Preble Co

No 83.   Decided Feb 15, 1934

John W. Bricker, Attorney General, Columbus, and Thomas M. Miller, Asst. Attorney General, Columbus, for plaintiff in error.

John Dye, Eaton, for defendant in error.

the grade crossings and the construction of the new road they are denied reasonable access to their property; that cutting them off of the main thoroughfare has reduced the traffic passing their property, lessened its value generally and especially in removing patronage from their wayside market, which directly reduced their income and also required them to incur added expense in moving their produce to market.

It is the theory of the plaintiff that the defendants, in no view of the facts developed, are entitled to damages because they are not abutters on the parts of the road eliminated, none of their land is taken for the improvement and they have reasonable access to their premises by the ways and roads heretofore set forth.

The defendants offered testimony and the court permitted it to be accepted over exceptions by the plaintiffs, purposed to establish every element of their damages as by them claimed.

Upon the opening statement, at the conclusion of the plaintiff's case and at the conclusion of the whole case, counsel for plaintiffs moved for a directed verdict, which motions were denied over exceptions. Plaintiffs tendered four special charges, requesting that they be given before argument. All were refused. To this action of the trial court exceptions were duly noted.

### SPECIAL CHARGES REQUESTED BEFORE ARGUMENT.

"I. If you find that the Defendants have reasonable access to their property by other roads, they are not entitled to recover any damages, even though you may find that the distances they may have to travel in some directions may be greater than before the improvement in question.

II. If you find that the Defendants have reasonable access to their property, although access may be by a longer route, they are not entitled to any damages, even though as a result of the improvement in question, traffic has been diverted from the road upon which their property abuts.

III. You must not include in your verdict any amount on account of damages to the business of defendants as carried on upon the premises.

IV. If you find that the defendants have reasonable access to their property they are not entitled to any damages, even though you may find that the value of said property has been lessened by reason of the improvement in question or by reason of the diversion of traffic from the road upon which the property of the defendant abuts."

### OPINION

**By THE COURT**

It is the theory of the defendants that they are damaged in the value of their real estate because by the elimination of

The trial court in its general charge, after stating the law generally and saying to the jury that they might consider the evidence as it related to the ways of access of defendants and determine whether or not they had reasonable means of ingress and egress to their farm and premises, in determining the damages further stated:

"Now you have heard the evidence as to these ways called places of access and it is for you, as above stated, to decide whether they are reasonable or unreasonable in comparison with former conditions.

If you find by a preponderance of the evidence relating that this cut-off expedient leaves the lands of claimants with an unreasonable way of egress and ingress as compared to former conditions, then claimants are entitled to damages."

Plaintiffs claim that the court erred in refusing to sustain the motions for directed verdict, in refusing to give the special charges requested before argument and erred in its general charge and particularly wherein it permitted the jury, in determining whether or not defendants had reasonable means of ingress and egress to their property, to compare the reasonableness of that access with former conditions.

There would seem to be little controversy upon this record that defendants were damaged by reason of the changing of the State road as accomplished by the grade eliminations, thus diverting traffic from the main thoroughfare in front of their farm and the elements constituting these damages are those, in the main, for which the defendants contend.

However, it is not sufficient for us to find that the defendants have lost, by reason of the improvement, but we must further find that their damages were such in law as that plaintiff is required to compensate them. It might also be safely said in the most favorable intendment for the defendants that their means of access to Route 127 to the north and south of the two miles of the improvement is not as complete or as satisfactory as it was under the conditions existing before the elimination of the grade crossings and change of the highway. But, in our judgment of the law, even this is not the test under the leading case in Ohio, namely, **Kinnear Mfg. Co. et v Beatty, 65 Oh St, 264,** and particularly the second proposition of the syllabus:

"A property owner on a street or alley, a portion of which, other than the part on which he abuts, is vacated by the city council, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted, where he has reasonable access to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation. To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public, and not only in degree."

It is suggested by counsel for defendants that the cited case was a suit in injunction and that the rule there announced is more narrow than should be applied in this action for damages only. The court was announcing a principle which has application and is controlling in both actions. In the Kinnear case the plaintiff was entitled to an injunction if he was entitled to be compensated for the interference with his easement in the street to be vacated.

In the case of **Hall v Railway Co., 85 Oh St, 148,** Judge Donahue at page 157 says:

"It would, therefore, seem to be fully settled in Ohio, that whether property abuts upon that particular portion of the obstructed or vacated street, yet if that street affords the only reasonable access to the property, the owner's rights are the same as if his property actually abutted upon the obstructed parts, but where his property is not physically in contact with the vacated portion of the street and he has other reasonable means of access, then the owner has no right of action to enjoin the obstruction or recover damages."

Upon the facts in this case there is presented but one question, viz: have the defendants reasonable access to their land? If upon the record there is dispute on this question then it should be determined by a jury. If no dispute, then it becomes a matter of law. We are inclined to the opinion that determination must be made as a matter of law that defendants have reasonable means of access to their property.

The Camden road is open through both ways to the grade crossing eliminations; defendant's ways to the north and east and the south and east are as they were before the grade elimination; their ways to the north and west and to the south and west are the same as afforded the general public and the intersecting roads to the

old part of the Camden Road are the same as before the improvement except at the points where they connect with the main thoroughfare as now constructed. The distance which the defendants are required to travel is some greater but this without exception has not been considered as creating an unreasonable means of access. Likewise defendants are now required to come on to the main thoroughfare from intersecting roads whereas before they traveled upon the main thoroughfare. But this inconvenience in our judgment is no different in kind than that to which the general public is subjected.

It is urged that a covered bridge near the farm of defendants is in a state of bad repair and that inasmuch as the State will no longer be obligated to keep it up it will become impassable creating a cul de sac and bottling up defendants in their movement especially to the north. It is sufficient to say that such supposition is in any view highly speculative, if it can be indulged at all. It does not now exist and can not now be the subject of measurement in damages. We are satisfied that the political subdivision to which that part of the Camden road, cut off by the grade eliminations reverts is bound by law to keep it open, in repair and free from nuisance. If it should fail to observe this obligation and permit this bridge to become impassable it would be liable to respond in damages.

There is some testimony to the effect that the Arch Culvert road at times is overflowed and that water was over it two times last spring. There is also testimony that that portion of the Camden Road which is cut off the main thoroughfare overflows at times although it was not inundated last spring when the Arch Culvert bridge overflowed. In the absence of express showing which does not appear in the record, that high water made the use of the roads which defendants are now required to use impractical for considerable periods of time we do not believe that such condition would constitute unreasonable access; nor would the fact that one of the roads intersecting the main thoroughfare crosses the railroad at a place where the approach is somewhat dangerous; nor that a load of hay could not be hauled through the bridge on the Arch Culvert road where it enters the main thoroughfare.

The record discloses that the height of the Arch Culvert bridge is not sufficient to permit the movement of a threshing machine through it, but the record also discloses that the old covered bridge on that

part of the old Camden road, between defendant's residence and the Arch Culvert road has a clearance of less than eleven feet, while the clearance of the Arch Culvert bridge is twelve feet or over so that defendants could not move a threshing outfit to the north even though the elimination of the crossing to the north and west had not been made.

Clearly the means of access afforded the defendants both to the north and west and to the south and west is the same as is and has been provided the general public. It appears that where the Antioch road crosses the railroad the road has been widened and raised, and that the surface of the road from the Arch Culvert bridge entrance along the ramp and to the new road has been improved.

Defendants cite **Schimmelmann v Railway Co., 83 Oh St, 356,** and **Cohen v The City of Cleveland, 43 Oh St, 190,** as controlling in this case.

In the Schimmelmann case the plaintiffs were permitted to recover for depreciation in value of their real estate by reason of a grade crossing elimination by means of subway. But the improvement not only changed the grade of the street upon which plaintiffs abutted but also took a part of it and built a concrete wall surmounted by an iron fence upon it to complete the project.

In the Cohen case a viaduct 64 feet wide was covering a part of Superior Street in the City of Cleveland reducing the width of the street in front of plaintiff's premises from 93 feet to 66 feet. The roadway of the viaduct above Superior Street gradually increased in elevation until on the north side of Cohen's premises it was 45 feet high. Plaintiff's lot did not abut on the viaduct and a street was still open in front of his premises but in addition to the taking of property heretofore set forth it appeared that the viaduct diverted travel from Cohen's place, impaired the access of light and air to his premises, caused noises and jarring of his house night and day.

It seems obvious that in both of the foregoing cases the plaintiffs suffered inconvenience differing in kind as well as degree from the general public.

The court in the Cohen case cites the case of Chicago v Burcky, 158 Ill., 103, and quotes from it with approval:

"The vacation of part of a street constituting a thoroughfare across railroad tracks, and the erection of a viaduct in another place, damage a land owner whose property is thereby left upon a blind court

in a manner different from the general public, and entitle him to damages, although his property only touched the vacated premises at one corner."

**Anderson et v The City of Cleveland et, 17 C.C.R., 13,** was a case of separation and change of grades of a railroad by agreement with the city. A part of Landon Street had been vacated and in place thereof an extension of Landon Street had been opened up to Detroit Avenue, south of and parallel to the right of way of the railroad. Plaintiff owned a piece of real estate at the southeast corner of Landon Street and the right of way of the railroad company but it did not abut upon the vacated portion of Landon Street. The grade of the extension was upward from a place near plaintiff's premises and it was necessary for plaintiff to travel a greater distance to the former point of intersection of Landon Street and Detroit Avenue. It should be said that there was no contention that the way over which plaintiff was required to move by reason of vacation of a portion of Landon Street was impracticable except for the increased distance of travel. The court held:

That the plaintiff had no right to compensation because he had reasonable access to his property notwithstanding the distance he had to travel in some directions was greater than before the improvement. This judgment was affirmed by the Supreme Court without opinion in **79 Oh St 451.**

Another case cited is **The Neudoefer Silcox Co. v The Marting Bros. Co., 17 Oh Ap, 286.** The syllabus illustrates the distinction between the facts in the cited case and the instant case.

"An owner of property abutting on an alley, which will be rendered cul de sac by the vacation of a part of the alley in the same block, has such a different kind of resulting injury from that sustained by the public as to enable him to maintain an action to enjoin the threatened injury until he has been compensated."

**Schmidt v The City of Cleveland, 15 C. C. (N.S.) 589,** presents a situation analagous in particulars to the case under consideration. The facts are sufficiently set forth in the syllabus.

"Plaintiff's property is 120 feet front and abuts upon the east side of 83rd St., in the City of Cleveland; the middle point of his land is 234 feet northerly from the north line of Kinsman road, which is a main thoroughfare running east and west; Kinsman road has been obstructed at its intersection with 83rd Street, by the erection of a viaduct 16 feet above the grade of 83rd Street and reached from it only by a flight of 31 steps; by going around a block to 82nd Street, which is parallel to and west of 83rd Street, the surface of the viaduct can be reached without climbing steps, but this course is 473 feet long from the middle point in plaintiff's land; this is the extent of impairment of access from Kinsman road to plaintiff's premises, by the building of said viaduct. Held: Plaintiff is not entitled to damages."

Upon a fair consideration of the authorities discussed, all of which are Ohio cases, and the citations to other states, which we have read, we are convinced that the loss which the defendants have suffered in the instant case is not such as that the plaintiff would, under the law, be required to compensate them. There is some suggestion that the statute not only assures the compensation for damages for the land taken and resulting from such taking, but also **from the making of such improvement.** In our judgment this does not include the damages which defendants assert but relates to damages directly resulting from the making of the improvement.

It follows that the trial court erred in the particulars contended by plaintiff, and that final judgment must be entered for the plaintiff.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.